THE CENTRAL FOUNDRY COMPANY, PROSECUTOR, v. THE CITY OF NEWARK, NEW JERSEY, DEFENDANT.

Submitted May 5, 1942—Decided November 23, 1942.

Before Justices CASE, DONGES and COLIE.

For the prosecutor, *Milton M. Unger.*

For the defendant, *Raymond Schroeder* and *Joseph A. Ward.*

The opinion of the court was delivered by

DONGES, J. This writ of *certiorari* brings up for review an assessment against lands of the prosecutor for a sewer improvement "confirmed or attempted to be confirmed on or about August 6th, 1940, in the sum of $770."

The assessment was made under chapter 35 of the laws of 1895, 3 *Comp. Stat., p.* 3581, since repealed but applicable to the present case. The sewer was constructed prior to February 11th, 1910, at which time prosecutor owned, and still owns, premises known as 54-82 Lockwood Street, in Newark,

along which street the sewer was constructed in front of prosecutor's lands. On February 11th, 1910, a report of assessment commissioners was confirmed by the Circuit Court, imposing assessments for benefits from the sewer construction. That report imposed an assessment for direct benefits on prosecutor's property in the sum of $345, which was paid on April 14th, 1910. It also imposed assessments for prospective benefits amongst which was one against the prosecutor's property in the sum of $770. This was done under the above-mentioned statute, the pertinent paragraph of which read as follows:

"Assessments for sewers; direct and prospective benefits; collection.—Sec. 2. That the assessment upon all lands and real estate which at the time of making such assessment front or abut on, or are situate in the vicinity of the line of such main, trunk, or intercepting sewer or drain, or any other sewer or drain already constructed, and connected directly or indirectly therewith, whereby a direct tapping or drainage benefit is or may be secured, shall be collectible at once, and that where such benefit is prospective only, depending upon the construction of any other and connecting sewer or drain not yet built, such assessment shall be collectible and bear interest only from the time when the assessment to be made for benefits conferred upon such lands and real estate, by the construction of such other sewer or drain along the line of which such lands and real estate front or abut, or are in the vicinity of, shall be confirmed and collectible."

The validity of this method of assessing prospective benefits has been upheld. *Vreeland* v. *Bayonne*, 60 *N. J. L.* 168.

No attempt was made to collect the assessment of $770 or to have it declared a lien, and prosecutor was unaware that it was considered to be a lien until it ordered a tax search in August, 1940, which search recited as a lien "East Branch Relief Sewer, conf. 8/6/40, $770, interest and costs to be added." Just what the alleged confirmation of August 6th, 1940, was, does not appear.

It is undisputed that no additional connecting sewers have been constructed in the vicinity since the original construction and that the situation as it existed in February, 1910, is

unchanged except that on October 1st, 1912, and again on May 6th, 1913, the prosecutor made additional "taps," connecting with the sewer as originally constructed. The city contends that "by the sewer tapping for the use of the land against which the 'prospective' assessment was confirmed, the benefits were conferred, and were collectible."

We do not so construe the statute and think that such a construction does violence to its plain language. The tappings which were made in 1912 and 1913 were into the sewer as it existed in 1910 and could have been made prior to the assessment. The assessment then made for direct benefits by the terms of the statute included any tappings made or that could then have been made, because the act says "whereby a direct tapping or drainage benefit is or *may be secured,* shall be collectible at once."

Plainly the prospective benefits depend upon the construction of further sewers in the streets by the city, sewers "not yet built" at the time of the assessment. As was said in *Vreeland* v. *Bayonne, supra:*

"Under the provisions of these acts, 'when the benefit is prospective and depends upon the construction of lateral and connecting sewers not yet built,' the benefits derived from existing sewers are to be determined and the assessment made when the assessments are made upon property sewered and benefited by existing sewers, but such assessments become liens only from the time connecting sewers are built, and draw interest only from the date of the confirmation of the assessment for the connecting sewer. It is simply an ascertainment of benefits."

In the instant case no connecting or lateral sewers have been built. The only construction consisted of the two tappings that could have been made at the time of the laying of the sewer. The assessment for the prospective benefits has never become collectible and has never become a lien upon the premises because the contingencies mentioned in the statute have not transpired.

The assessment itself, as made in 1910, is not now subject to attack. The prosecutor is not entitled to have it set aside.

Prosecutor is entitled, however, to have the attempted confirmation of August 6th, 1940, declared void and to have it adjudged that the assessment of $770 for prospective benefits is not presently a lien upon the premises. *Green* v. *Montclair,* 125 *N. J. L.* 19.

Such will be the judgment, with costs.